UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                 :

ANNIE BERMAN and EDWARD BERMAN,  :

                             Plaintiffs,       :

          -against-                       :

JANNEY MONTGOMERY SCOTT LLC and  :
MORGAN KEEGAN & CO. INC.,               

                        Defendants.    :
----------------------------------------------------------x

**BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO AMEND THE COMPLAINT**

Civil Action No. 10 CIV 5866 (PKC)

ROBINSON BROG LEINWAND GREENE GENOVESE
& GLUCK P.C.
Ronald S. Herzog (RH-4932)
875 Third Avenue
New York, New York  10022
(212) 603-6300

- and -

PARKER, HUDSON, RAINER & DOBBS LLP
G. Wayne Hillis, Jr.
Scott E. Zweigel
*Admitted Pro Hac Vice*
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30330
(404) 523-5300

*Attorneys for Defendant Morgan Keegan & Co., Inc.*

{00529424.DOC;1 }

## TABLE OF CONTENTS

TABLE OF AUTHORITES ............................................................................................................ ii

    I.    Introduction .................................................................................................................1

    II.   Plaintiffs' Motion for Reconsideration, Disguised as a Motion under
          Federal Rule of Civil Procedure 59(e), Should be Denied. ........................................2

    III.  Plaintiffs' Belated Request for Leave to Amend Should Also be Denied. .................5

          A.  Plaintiffs' new claims are time-barred. ...........................................................6

          B.  The proposed new claims will not survive a 12(b)(6) motion. .......................6

    IV.  CONCLUSION ...........................................................................................................8

# TABLE OF AUTHORITES

**Cases**

*Baena v. Woori Bank,*
   2007 WL 3284719 (S.D.N.Y. Nov. 6, 2007)..................................................................2

*Cooper v. Parsky,*
   140 F.3d 433 (2d Cir. 1998) ..........................................................................................6

*Cox v. Amtrak,*
   2009 WL 2634792 (S.D.N.Y. Aug. 25, 2009)................................................................2

*Ferrand v. Credit Lyonnais,*
   292 F. Supp. 2d 518 (S.D.N.Y. 2003) ...........................................................................2

*Fid. Info. Servs. v. Debtdomain GLMS PTE Ltd.,*
   2010 WL 3469910 (S.D.N.Y. Aug. 24, 2010)................................................................3

*Full-Bright Indus. Co., Ltd. v. Lerner Stores, Inc.*
   1994 WL 97361 (S.D.N.Y. 1994) .................................................................................3

*Inst. for the Dev. of Earth Awareness v. People for the Ethical Treatment of Animals,*
   2009 WL 3254457 (S.D.N.Y. Oct. 9, 2009)...................................................................3

*Long v. Carberry,*
   1994 WL 163712 (S.D.N.Y. 1994) ...............................................................................1

*R.F.M.A.S., Inc. v. So,*
   640 F. Supp. 2d 506 (S.D.N.Y. 2009) ...........................................................................3

*Ruotolo v. City of New York,*
   514 F.3d 184 (2d Cir. 2008) ..........................................................................................5

*Shrader v. CSX Transp.,*
   70 F.3d 255 (2d Cir. 1995) ............................................................................................2

*Siino v. Bd. of Trs. of the N.Y. City Teachers' Ret. Sys.,*
   2009 WL 734076 (S.D.N.Y. Mar. 13, 2009)............................................................2, 5

*Sollberger v. Wachovia Sec., LLC,*
   2010 WL 2674456 (C.D. Cal. June 30, 2010)...............................................................7

**Miscellaneous**

Fed. R. Civ. P. 12(b)(6) ................................................................................................6, 7

Fed. R. Civ. P. 59(e) .........................................................................................................5

Fed. R. Civ. P. Rule 60(b) ................................................................................................5

Local Rules of the United States District Courts for the Southern and
   Eastern Districts of New York 6.3............................................................................1, 3, 5

I.  **Introduction**

On March 14, 2011, the Court, in a decision reported at 2011 WL 1002683 (S.D.N.Y. 2011), granted Defendant Morgan Keegan & Company, Inc.'s ("Morgan Keegan" or "Defendant") motion to dismiss and on March 18, 2011, the Clerk of Court entered judgment dismissing the action. Plaintiffs Annie Berman and Edward Berman ("Plaintiffs") did not move the Court for reconsideration within the time mandated under Local Rule 6.3. Instead, Plaintiffs waited until thirty three days after the Court granted Morgan Keegan's motion to dismiss to belatedly file a motion for reconsideration that was desperately disguised as a motion to alter or amend judgment. Plaintiffs' motion is procedurally improper, untimely,[1] and fails to provide any basis for the Court to reconsider its well-reasoned order. Assuming, *arguendo*, that Plaintiffs' motion was timely and is to be considered, it should be denied as Plaintiffs have failed to meet the high burden required for an alteration of judgment. The Court should not reconsider its order as Plaintiffs failed to demonstrate that the Court overlooked any facts or law.

The Court also should not allow Plaintiffs to amend. On October 8, 2010, the parties appeared before the Court for a pre-motion conference. Since this matter had initially been assigned to another judge who did not require pre-motion conferences for substantive motions, at the time of the conference Plaintiffs' counsel had been in receipt of defendants'[2] motions to dismiss for almost two months. At the conference, Plaintiffs' counsel was specifically asked whether, in view of defendants' potentially dispositive motions, he wished to amend the complaint. Counsel, an experienced commercial litigator, responded in the negative. For that reason, and because Plaintiffs'

---

[1] Plaintiffs' untimeliness, standing alone, warrants denial of their motion. *Long v. Carberry*, 1994 WL 163712 (S.D.N.Y. 1994).

[2] Following the October 8th Court appearance, Plaintiffs voluntarily discontinued this action against Janney Montgomery Scott LLC, leaving Morgan Keegan as the only remaining defendant.

{00529424.DOC;1 }

proposed amended complaint does not set forth any valid claims against Morgan Keegan, the Court should deny Plaintiffs' belated request to amend.

## II. Plaintiffs' Motion for Reconsideration, Disguised as a Motion under Federal Rule of Civil Procedure 59(e), Should be Denied.

"The standard for granting . . . a motion [under Rule 59] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The moving party "bear[s] a heavy burden in moving for reconsideration under Rule 59(e)[.]" *Baena v. Woori Bank*, 2007 WL 3284719, *1 (S.D.N.Y. Nov. 6, 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Moreover, "a plaintiff may not rescue his complaint by inserting new or revised allegations in a motion for reconsideration." *Cox v. Amtrak*, 2009 WL 2634792, *3 (S.D.N.Y. Aug. 25, 2009); *see also Siino v. Bd. of Trs. of the N.Y. City Teachers' Ret. Sys.*, 2009 WL 734076, *2 (S.D.N.Y. Mar. 13, 2009) ("[new] claims cannot be raised for the first time in a motion for reconsideration"). Indeed, motions for reconsideration are "not intended as a vehicle for a party dissatisfied with the court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Ferrand v. Credit Lyonnais*, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003).

In this case, despite the fact that "submission of additional facts, issues, or arguments is improper on a motion for reconsideration" and the fact that on such a motion "no affidavits shall be filed by any party unless directed by the court[,]" Local Rule 6.3, Plaintiffs' motion to reconsider is based in large part on the submission of additional facts, issues and argument, **AND** an affidavit of Plaintiffs' counsel with numerous exhibits attached thereto. *Inst. for the Dev. of Earth Awareness v.*

{00529424.DOC;1 }                                         2

*People for the Ethical Treatment of Animals*, 2009 WL 3254457, *3 (S.D.N.Y. Oct. 9, 2009) (quoting Local Rule 6.3). For this reason alone, Plaintiffs' motion should be denied.[3] Furthermore, Plaintiffs' motion completely fails to demonstrate that the Court overlooked any law or evidence; thus, Plaintiffs have, in any event, failed to meet the standard for altering, amending, or reconsidering a judgment.

Apparently recognizing their failure to comply with the deadline for a motion for reconsideration under Local Rule 6.3, Plaintiffs filed the instant motion in an attempt to conceal their oversight. *See, e.g., Full-Bright Indus. Co., Ltd. v. Lerner Stores, Inc.* 1994 WL 97361 (S.D.N.Y. 1994) (since movant did not actually seek to alter or amend the judgment, but vacate, its motion was for reconsideration, not to alter or amend). Plaintiffs' sleight of hand can only go so far, however, as their motion is replete with references to reconsideration as the requested relief. *See* Plaintiffs' Memorandum of Law, Docket No. 53, at p. 2 (stating that the Court "erred in dismissing"); *id.* at p. 3 (outlining the standard for reconsideration); *see also id.* at p. 5 ("in order to . . . persuade the Court to reconsider its Order of dismissal"). To that end, the docketing event Plaintiffs chose in filing their motion was a "motion for reconsideration" and the relief Plaintiffs request is that "the Court reconsider and reverse its Order[.]" *Id.* at 10.

Plaintiffs' attempted end-run around Local Rule 6.3 and their submission of additional evidence, argument, and an affidavit should be rejected out-of-hand. The Court did not overlook any matter before it, fully considered all record evidence and argument, and issued a detailed and well-reasoned opinion. No error or injustice arose as a result of that opinion, and Plaintiffs fail to

---

[3] At a minimum, the Court should strike and disregard the affidavit and its exhibits. *See R.F.M.A.S., Inc. v. So*, 640 F. Supp. 2d 506, 510 (S.D.N.Y. 2009) (disregarding affidavit filed in connection with Local Rule 6.3 motion); *Fid. Info. Servs. v. Debtdomain GLMS PTE Ltd.*, 2010 WL 3469910, * 1 (S.D.N.Y. Aug. 24, 2010) (stating that appropriate remedy for affidavit filed in connection with motion for reconsideration is to strike and disregard the affidavit).

demonstrate that the Court overlooked any controlling law or fact. Accordingly, Plaintiffs' motion should be denied.

Furthermore, the documents attached to Plaintiffs' counsel's improper affidavit do not add anything to the conclusory allegations the Court already deemed insufficient.[4] In the Court's order, the Court stated: "Stripped of conclusory language, plaintiffs' allegations that Morgan Keegan had knowledge of Derivium's fraudulent conduct are based upon conjecture and surmise." Dock. No. 50 at p. 19. The Court also found that:

> Alleging facts indicating that Derivium or Bancroft ordered a securities sale that violated an agreement made between the plaintiffs and Bancroft is distinctly different from alleging facts indicating that Morgan Keegan knew that Derivium was committing fraud. The Complaint sets forth no facts indicating how Morgan Keegan knew the terms of the MLFSA or the Loan Schedules executed between Bancroft and the plaintiffs, or how Morgan Keegan knew that the Loan Schedules were not signed until after Derivium had sold plaintiffs' securities. Nor are there any other facts indicating that Morgan Keegan knew the sales were not authorized.

*Id.* at p. 22. No document attached to Plaintiffs' counsel's affidavit remedies these fatal deficiencies correctly identified by the Court.

In addition, Plaintiffs' argument conflicts with the terms of the very agreements they signed. Plaintiffs argue that Morgan Keegan knew that Derivium and Bancroft sold securities pledged as collateral contrary to the manner in which the 90% Loan Program was marketed and contrary to the expectations of the borrowers.[5] As the Court noted in its decision granting Morgan Keegan's motion to dismiss, however, "[i]f Morgan Keegan had studied the terms of the MLFSAs, it would have learned that the MLFSA authorizes the 'Lender(s) and its/their agents and/or assigns the right' to sell the securities." *Id.* Given that Plaintiffs expressly authorized Bancroft to sell the collateral,

---

[4] In addition, the documents are not newly discovered, as they consist of documents Plaintiffs had when they filed the original Complaint and when they rejected the Court's invitation to amend.

[5] Plaintiffs still fail to allege any facts demonstrating that Morgan Keegan had any knowledge of how the 90% Loan Program was actually marketed by Derivium to Plaintiffs in 2003.

{00529424.DOC;1 }    4

Plaintiffs' claim that they were misled into believing that the collateral could not be sold, and that Morgan Keegan somehow knew they had been so misled, is simply not plausible. Therefore, the additional documents which Plaintiffs now seek to submit add nothing to their earlier conclusory pleading, and they could not possibly change the Court's correct decision.

### III.  Plaintiffs' Belated Request for Leave to Amend Should Also be Denied.

Plaintiffs' request for leave to amend to add attenuated, time-barred, and deficient claims for breach of fiduciary duty and fraudulent concealment (a request which was made and already rejected by the Court) should also be denied. "While leave to amend or replead a complaint shall be 'freely given' under Rule 15(a), that is not the case when leave to amend is sought post-judgment." *Siino v. Bd. of Trs. of the N.Y. City Teachers' Ret. Sys.*, supra, 2009 WL 2634792, *2 (citations and quotations omitted). In cases where a judgment has been entered, a plaintiff must convince the Court to vacate or set aside the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)[6] **prior to** seeking to file an amended complaint. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Here, Plaintiffs fail to articulate any grounds for the extraordinary post-judgment relief they seek, and Plaintiffs' purported Rule 59(e) motion should be denied because they failed to move the Court for reconsideration of its ruling on Plaintiffs' previous request for amendment within the time period permitted by Local Rule 6.3. Plaintiffs also failed to set forth any basis for the Court's consideration of any of the new facts, evidence or law that Plaintiffs have now submitted, an omission undoubtedly due to the fact that this "new" information was in Plaintiffs' possession at the time the original complaint was prepared.[7]

---

[6] Plaintiffs do not seek relief under Fed. R. Civ. P. Rule 60(b).

[7] Instead, Plaintiffs argue that they somehow misinterpreted the Court's invitation to amend at the October 8, 2010 pretrial conference. This feeble excuse should be rejected. Despite the fact that the Court's explicit invitation could not have been clearer, the new "facts" alleged in the proposed amended complaint are more of the same conclusory allegations and do not include any information unknown to Plaintiffs prior to the completion of the briefing on the motion to dismiss.

Nevertheless, granting Plaintiffs leave to amend would be futile, as any claim for breach of fiduciary duty or fraudulent concealment against Morgan Keegan, based solely on the same or similar conclusory allegations and legal conclusions that permeated the original complaint, is not only time-barred but would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for a host of reasons.

### A. Plaintiffs' new claims are time-barred.

Plaintiffs' proposed new claims (along with the claims in the original complaint) are all barred by the applicable statute of limitations for the reasons set forth in Morgan Keegan's motion to dismiss. *See* Docket No. 13 at pp. 10-14 (statute of limitations arguments in Defendant's memorandum of law in support of its motion to dismiss) and Docket No. 46 at pp. 5-9 (Defendant's reply brief). In sum, the allegedly tortious conduct, the purported conversion of Plaintiffs' collateral, occurred in October 2003, approximately seven years prior to the commencement of this action. Any potentially applicable limitations period has expired. *See, e.g., Cooper v. Parsky*, 140 F.3d 433, 440-41 (2d Cir. 1998) (a claim seeking monetary damages for a breach of fiduciary duty ordinarily must be brought within three years).

### B. The proposed new claims will not survive a 12(b)(6) motion.

Assuming, *arguendo*, that the newly proposed claims against Morgan Keegan for breach of fiduciary duty and fraudulent concealment are not time-barred (which they are), they would not in any event pass muster under federal pleading standards. Plaintiffs' purported claims are not based on any facts; rather, they rest on the same vague and conclusory (and deficient) allegations that permeated the original complaint. Despite receipt of close to one million documents from the bankruptcy trustee, Plaintiffs are unable to plead any facts supporting their conclusory claim that a fiduciary relationship existed with Morgan Keegan, and will not be able to plead fraud with any

particularity. Plaintiffs' inability to allege specific and particular facts is further evidenced by the fact that the proposed amended complaint is still devoid of facts supporting Plaintiffs' conclusory claims.

The documents attached to Plaintiffs' counsel's improper affidavit not only fail to add anything to Plaintiffs' earlier pleading, but they demonstrate convincingly that leave to amend would be futile. Even after reviewing a database of nearly one million documents produced in the Derivium bankruptcy, Plaintiffs still cannot point to a single document that establishes the existence of any relationship between them and Morgan Keegan, any communications between them and Morgan Keegan, or any other basis of a duty that Morgan Keegan might owe to them. The fact that Plaintiffs have nothing more to offer confirms that they cannot plead facts sufficient to state a claim against Morgan Keegan upon which relief can be granted.

As previously demonstrated, Plaintiffs' claims lack legal and factual merit. To that end, the *Sollberger* case (a case handled by counsel of record for Plaintiffs, which was relied upon and addressed in some detail in Morgan Keegan's Motion to Dismiss), analyzed an agency/breach of fiduciary duty claim similar to the one Plaintiffs propose in their amended complaint. On very similar allegations, the Central District of California Court squarely held that such allegations were not supported by facts and could not survive Fed. R. Civ. P. 12(b)(6) scrutiny. *See Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, *5 (C.D. Cal. June 30, 2010) ("Plaintiff's allegations do not establish that Defendants were his agents or subagents.").[8] Like in *Sollberger*, Plaintiffs' conclusion-laden, unsupported allegations fail to establish the plausible facts necessary to state a claim.

---

[8] Morgan Keegan discussed *Sollberger* in its Memorandum of Law in support of its Motion to Dismiss. Plaintiffs, however, failed to respond to those arguments. The *Sollberger* decision and the procedural posture of that case -- with plaintiffs filing a complaint, first amended complaint, and second amended complaint without stating a claim -- demonstrate that Plaintiffs here will not be able to state a claim upon which relief can be granted even if granted leave to amend.

## IV. CONCLUSION

For these reasons, as well as the reasons set forth in the briefing filed by Morgan Keegan in support of its Motion to Dismiss the Complaint, the Court should deny Plaintiffs' motion.

Dated:   New York, New York
         May 2, 2011

                          Respectfully submitted,

                          ROBINSON, BROG, LEINWAND, GREENE,
                          GENOVESE & GLUCK P.C.

                          By: /s/ Ronald S. Herzog

                          Ronald S. Herzog (RH-4932)
                          875 Third Avenue
                          New York, New York  10022
                          (212) 603-6300

                          - and -

                          PARKER, HUDSON, RAINER & DOBBS LLP

                          G. Wayne Hillis, Jr.
                          Scott E. Zweigel
                          *Admitted Pro Hac Vice*
                          1500 Marquis Two Tower
                          285 Peachtree Center Avenue, NE
                          Atlanta, GA 30330
                          (404) 523-5300

                          *Attorneys for Defendant Morgan Keegan & Co., Inc.*