UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANNIE BERMAN and EDWARD BERMAN,

    Plaintiffs,

        v.

JANNEY MONTGOMERY SCOTT, LLC and
MORGAN KEEGAN & COMPANY, INC.

    Defendants.

------------------------------------------------------------x

Case No. 10-cv-5866 (PKC)

[ECF CASE]

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO AMEND THE COMPLAINT**

Brian G. Isaacson
1515 BROADWAY 11TH FLOOR
NEW YORK, NEW YORK 10036
TEL:   646-308-1600
FAX:  888-964-9449
e-mail: briani@isaacsonwilson.com
Attorney for Plaintiffs Edward Berman and Annie Berman
New York Registration No. 4677274

1

Case 1:10-cv-05866-PKC   Document 60   Filed 05/09/11   Page 2 of 11

## TABLE OF CONTENTS

1. It was error for the Court to Dismiss the Complaint without leave to amend.

2. Morgan Keegan does not refute the evidence that it knew of Derivium's fraudulent scheme and that it aided and abetted Derivium.

3. Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment and Affidavit in Support is Appropriate and was Filed Timely.

4. Plaintiffs' Complaint was filed timely.

5. The decision of the District Court for the Central District of California in Sollberger v. Wachovia, et al. has been appealed and should not be relied upon by the Court in this case.

6. Conclusion

# TABLE OF AUTHORITIES

## Cases

*02 Micro Int'l Ltd v. Monolithic Power Sys.*, 420 F. Supp. 2d 1070, 1076 (N.D. Cal. 2006) ........................ 8
*Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997) ................................................................ 9
*Bonds v. Cox*, 20 F.3d 697, 700 (6th Cir. Tenn. 1994) .................................................................................. 8
*Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995) ......................................... 9
*Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) ................................................. 5
*Demster v. City of Lenexa*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005) ................................................ 8, 9
*Fid. Info. Servs. v. Debtdomain GLMS PTE Ltd.*, 2010 U.S. Dist. LEXIS 97409 (S.D.N.Y. Aug. 23, 2010) ........................................................................................................................................................ 8
*JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 251 (S.D.N.Y. 2005) ........................................ 5
*R.F.M.A.S., Inc. v. So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009) .............................................................. 8
*Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ......................................... 9
*Sollberger v. Wachovia Sec., LLC*, 2010 U.S. Dist. LEXIS 66233 (C.D. Cal. June 30, 2010) .................. 10

## Rules

Federal Rules of Civil Procedure, Rule 59(e) .................................................................................... passim
Federal Rules of Civil Procedure, Rule 83 ...................................................................................................... 7
Local Rules for the District Courts for the Southern and Eastern Districts of New York, Rule 6.3 ............. 8
Rule 59(e) ........................................................................................................................................................ 8

### 1. **It was error for the Court to Dismiss the Complaint without leave to amend.**

Morgan Keegan tries its utmost to persuade the Court to disregard the documents attached to the Isaacson Declaration filed in support of the present Rule 59(e) motion to alter or amend the Court's judgment of dismissal. The reason for this effort is clear: the exhibits attached to the Isaacson Affidavit clearly show that Morgan Keegan and its broker, Gooch, knew of Derivium's fraud. Isaacson Decl., ¶¶ 6, 7, 10 and 11 and Exs. 4, 5, 8 and 9. Morgan Keegan, in its opposition to Plaintiffs' Rule 59(e) motion, does not deny it knew of Derivium's fraud. All Morgan Keegan does is refer to the findings made by the Court that the allegations in the complaint that Morgan Keegan knew of Derivium's fraud are not implausible and are based upon conjecture and surmise.

The present Rule 59(e) motion is not an attempt to raise new claims. Plaintiffs' purpose in the present motion is to show the Court that the allegations in the complaint that Morgan Keegan knew of Derivium's fraud are, in fact, plausible and are not based upon conjecture and surmise and that it was error for the Court to have entered its judgment of dismissal of the complaint against Morgan Keegan without leave to amend.

The Court found that Plaintiffs had pled the underlying fraud on the part of Bancroft and Derivium with the requisite particularity. Dkt. 50, Order, p. 17. However, the Court dismissed Plaintiffs claim against Morgan Keegan for aiding and abetting fraud on grounds that "plaintiffs' allegations that Morgan Keegan had knowledge of Derivium's fraudulent conduct are based upon conjecture and surmise." Order, p. 19. The Court further found that "[c]ollectively, the facts alleged do not give rise to a strong inference that Morgan Keegan had actual knowledge that Derivium or Bancroft was committing fraud." Order, p. 23.

Plaintiffs pointed out in opposition to Morgan Keegan's motion to dismiss and in Plaintiffs' initial Memorandum of Law in support of the present Rule 59(e) motion that the Complaint alleges that Derivium misrepresented the 90% Loan program in its marketing materials. Complaint ("Cmplt.") ¶¶16-20. Plaintiffs also pointed out to the Court in its opposition to Morgan Keegan's motion to dismiss and in their present Rule 59(e) motion that the Complaint alleges that Morgan Keegan knew of these marketing materials and of the false representations they contain. Cmplt. ¶¶30-32. The Complaint alleges that a printout of the Derivium website that contained representations regarding the 90% Stock Loan, which Morgan Keegan and Gooch would have known were fraudulent, was contained in Morgan Keegan's own files regarding Derivium. Plaintiffs produced a copy of this document in opposition to Morgan Keegan's motion to dismiss. Dkt. 41, Declaration of Brian G. Isaacson, Ex. 5.

The Court, in its Memorandum and Order, referring specifically to the Derivium webpage printout, states

> Although plaintiffs allege that Gooch managed and monitored the Derivium account maintained at Morgan Keegan, the Complaint does not allege that Gooch ever read or reviewed this document or took any actions indicating that he understood how the program was marketed to borrowers.

Dkt. 50, Order, p. 20; Cmplt. ¶32.

Ordinarily, a complaint will not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 251 (S.D.N.Y. 2005), citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

Plaintiffs have filed the present Rule 56(e) motion because there is evidence that Gooch did read the Derivium website and that he was familiar with the Derivium business model.

Plaintiffs attached as Exhibit 4 to the affidavit of Brian G. Isaacson, filed in support of the present Rule 59(e) motion, a document entitled "First Security Capital Services Overview, Prepared for Mr. Robert Gooch, June 8, 1999" (referred to as "Services Overview"). Isaacson Decl., ¶6, Ex. 4. This document supports the allegations in the complaint and creates the strong inference that Gooch and Morgan Keegan read marketing material being disseminated by Derivium, which Morgan Keegan knew to be false.

The Services Overview provides Gooch and Morgan Keegan with an overview of the 90% Stock Loan that Cathcart marketed through FSC and lays out the steps every borrower must take as part of the 90% Stock Loan, which is the same 90% Stock Loan and the same steps every borrower took when Cathcart operated Derivium and Bancroft and ran 90% Stock Loan transactions through Morgan Keegan, using Gooch as broker. Isaacson Decl., ¶6, Ex. 4.

The number one Key Benefit of the 90% Stock Loan in the Services Overview, prepared for Gooch and in Gooch's file on Derivium, is that "With the 90% Stock Loan, you get 90% of the current value of your stocks without selling." *Id.*, p. 3. Morgan Keegan knew that this representation in Derivium's marketing material was false because, as alleged in the complaint, in virtually every instance Morgan Keegan knew that the borrower's stock was sold immediately upon transfer into Derivium's account at Morgan Keegan, because Morgan Keegan did the selling. Cmplt., ¶¶ 30-39.

Plaintiffs also submitted several e-mails from Gooch to others within Morgan Keegan that show Gooch had read the Derivium website material, was familiar with the Derivium marketing materials and was familiar with Derivium's purported proprietary "hedging strategy," which consisted of nothing more than the immediate sale of the borrowers' collateral. Isaacson Decl., ¶¶ 7, 10 and 11, Exs. 5, 8 and 9.

6

## 2. Morgan Keegan does not refute the evidence that it knew of Derivium's fraudulent scheme and that it aided and abetted Derivium.

Morgan Keegan does not refute in its reply to the present motion that all the Derivium or Bancroft marketing materials indicate is that the pledged securities will *not* be sold. *Id.* and Dkt. 41, Isaacson Decl., ¶6, and Dkt. 41-5, Ex. 5 (Derivium website). Morgan Keegan does not refute that none of these materials even remotely suggest that the "hedging transaction" is actually nothing but a sale of the pledged securities. Morgan Keegan does not refute that these are the same marketing materials Morgan Keegan and Gooch had in their file regarding Derivium. Finally, Morgan Keegan does not refute that there is no question that Gooch read these Derivium marketing materials and knew of them.

## 3. Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment and Affidavit in Support is Appropriate and was Filed Timely.

It is appropriate that Plaintiffs filed the present motion to alter or amend the Court's Judgment (Dkt. 51) and the affidavit of Brian G. Isaacson in support thereof under FRCP 59(e). Furthermore, Plaintiffs filed the present Rule 59(e) motion timely.

The Federal Rules of Civil Procedure, of which Rule 59 is one, were adopted by the Supreme Court pursuant to 28 USC §2072. Federal Rules of Civil Procedure take precedence over Local Rules. FRCP 83 provides in pertinent part:

> A local rule must be consistent with--but not duplicate--federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075.

USCS Fed Rules Civ Proc R 83.

The Judgment (Dkt. 51) states "for the reasons stated in the Court's Memorandum and Order dated March 14, 2011, Morgan Keegan's motion to dismiss the complaint is granted."

Rule 59(e) provides as follows:

> A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

7

The motion and affidavit was filed within 28 days of entry of the Judgment (Dkt. 51), and, therefore, is timely under Rule 59(e).

Rule 59(e) permits the moving party to file a motion to alter or amend a judgment within 28 days of the judgment, whereas LR 6.3 requires that a motion for reconsideration be filed within 14 days. In this case, because the judgment which Plaintiffs ask the Court to alter or amend is a final judgment to which Rule 59(e) applies, Plaintiffs are entitled to file their motion to alter or amend within 28 days of entry of the judgment, which they have done.

Plaintiffs submit that Local Rule 6.3 is intended for reconsideration of orders and judgments that are interlocutory in nature, whereas FRCP 59(e) is intended for reconsideration of judgments that are final. *Demster v. City of Lenexa*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005). The Court's Judgment in this case is final, to which Rule 59(e) applies, because the Judgment dismisses the entire complaint. (Dkt. 51).

There is no express restriction on the use of affidavits under Rule 59(e). Movants have relied on affidavits in support of motions to alter or amend under Rule 59(e). *Bonds v. Cox*, 20 F.3d 697, 700 (6th Cir. Tenn. 1994); *02 Micro Int'l Ltd v. Monolithic Power Sys.*, 420 F. Supp. 2d 1070, 1076 (N.D. Cal. 2006). Moreover, Rule 59(c), pertaining to motions for new trial, expressly permits the use of affidavits.

Local Rule 6.3, which provides that "[no] affidavits shall be filed by any party unless directed by the court," applies to interlocutory orders and judgments, not final judgments. No limitation on filing affidavits is set forth in FRCP Rule 59. Morgan Keegan relies on two District Court cases for the Southern District of New York, *R.F.M.A.S., Inc. v. So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009) and *Fid. Info. Servs. v. Debtdomain GLMS PTE Ltd.*, 2010 U.S. Dist. LEXIS 97409 (S.D.N.Y. Aug. 23, 2010) in support of its argument that the Court should

8

disregard the Isaacson affidavit because Plaintiffs filed it without first being directed to do so by the Court. However, both *R.F.M.A.S., Inc.* and *Fid. Info. Servs.* involved interlocutory orders only, not final judgments. The limitation on the filing of affidavits regarding motions to reconsider found in LR 6.3 is not applicable to a Rule 59(e) motion. It is appropriate that Plaintiffs filed their motion under Rule 59(e), since the judgment is a final judgment (Dkt. 51), and, accordingly, it is appropriate that Plaintiffs have filed the affidavit of Brian G. Isaacson in support thereof without first being directed to do so by the Court.

It is immaterial that Plaintiffs refer to the present motion as both a motion to alter or amend a judgment and a motion for reconsideration. The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted). A litigant, however, should not use such a motion to rehash previously rejected arguments or to offer new legal theories or facts. *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997); *Demster v. City of Lenexa*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005).

### 4. **Plaintiffs' Complaint was filed timely.**

In its opposition to the present motion to alter or amend the Judgment, Morgan Keegan again argues, as it did in its original motion to dismiss, that the Complaint was not filed timely.

However, the Court did not dismiss the Complaint on statute of limitations grounds. Dkt. 50.

9

Plaintiff opposed Morgan Keegan's statute of limitations arguments in their Memorandum of Law in opposition to Morgan Keegan's motion to dismiss. Dkt. 42, Pltfs' Memo., pp. 18-23. In summary, the Bermans' fraud claims are not incidental to the conversion claims because the amount of damages from the fraud claims exceeds the amount of damages from the conversion claims by $1,200,000; the Bermans timely filed their aiding and abetting conversion claims within three years of the date of discovery; and the Bermans timely filed their aiding and abetting fraud and aiding and abetting breach of fiduciary claims because they did not discover until March 2010 that Morgan Keegan acted with scienter. *Id.*

### 5. The decision of the District Court for the Central District of California in *Sollberger v. Wachovia, et al.* has been appealed and should not be relied upon by the Court in this case.

Morgan Keegan argues that Plaintiffs' motion to amend should be denied based on some vague reference to the decision of the District Court in the Central District of California in the case of *Sollberger v. Wachovia Sec., LLC*, 2010 U.S. Dist. LEXIS 66233 (C.D. Cal. June 30, 2010). Morgan Keegan refers to the same arguments it made in its motion to dismiss.

However, the Court in this case did not base its dismissal of the Complaint or base its decision not to allow Plaintiffs leave to amend on the decision in *Sollberger*. Dkt.50, p. 20. In any event, the decision in Sollberger has since been appealed and is pending before the Ninth Circuit Court of Appeals on grounds, among others, that the District Court abused its discretion by not allowing the plaintiff leave to amend.

### 6. Conclusion.

Plaintiffs respectfully submit, based upon the well-pled allegations in the Complaint that Morgan Keegan had knowledge of Derivium's fraudulent conduct and based on the documentary evidence of such knowledge submitted by Plaintiffs both in opposition to Morgan Keegan and

Gooch's motion to dismiss and in support of the present motion for reconsideration, and based on Morgan Keegan and Gooch's failure to refute said allegations and documentary evidence, that the Court committed error when it ruled that "plaintiffs' allegations that Morgan Keegan had knowledge of Derivium's fraudulent conduct are based upon conjecture and surmise" and the Court committed error when it found that "[c]ollectively, the facts alleged do not give rise to a strong inference that Morgan Keegan had actual knowledge that Derivium or Bancroft was committing fraud."

Futhermore, if the Court is still of the opinion that the Complaint is deficient as to any of the alleged causes of action, Plaintiffs respectfully submit that they have demonstrated, both by the foregoing and by the proposed amended complaint, attached as Exhibit 10 to the Affidavit of Brian G. Isaacson, dated April 15, 2011 (Dkt. 57-10), that such deficiencies can be cured by amendment.

Accordingly, Plaintiffs respectfully request that the Court reconsider and vacate its judgment of dismissal of the Complaint and, in the alternative, Plaintiffs request that they be granted leave to amend the Complaint against Morgan Keegan.

Dated: Seattle, Washington
May 9, 2011

ISAACSON & WILSON, P.S.

*Brian G. Isaacson*

Brian G. Isaacson
1515 BROADWAY 11TH FLOOR
NEW YORK, NEW YORK 10036
TEL:   646-308-1600
FAX:   888-964-9449
e-mail: briani@isaacsonwilson.com
*Attorney for Plaintiffs Edward Berman and Annie Berman*
New York Registration No. 4677274